## GOODWIN v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. October 28, 1912.)

### No. 2,179.

**1. COURTS (§ 431*)—FEDERAL COURTS—JURISDICTION OF CIRCUIT COURT OF APPEALS—CASES TRANSFERRED FROM TERRITORIAL SUPREME COURT.**

Act June 10, 1910, c. 310, § 33, 36 Stat. 577, providing that, on the admission of Arizona as a state, all cases pending in the territorial Supreme Court in which the United States was a party should be transferred to the Circuit Court of Appeals for the Ninth Circuit, applies to a prosecution for murder on an Indian reservation, conducted in the name of the United States, and taken by appeal from the territorial district court to the Supreme Court, where it was pending when the state was admitted.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1143–1149; Dec. Dig. § 431.*]

**2. COURTS (§ 431*)—FEDERAL COURTS—JURISDICTION OF CIRCUIT COURT OF APPEALS—TRANSFER OF CASE FROM TERRITORIAL COURT.**

That a criminal case, pending in the territorial Supreme Court of Arizona on the admission of the state, was taken to that court by appeal, in accordance with the law of the territory, does not affect the jurisdiction of the Circuit Court of Appeals to review the case, on its transfer as required by statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1143–1149; Dec. Dig. § 431.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

**3. CRIMINAL LAW (§ 1166½*)—HARMLESS ERROR—EXAMINATION OF JURORS.**

Permitting a district attorney in a prosecution for murder to ask jurors on their examination if, in case they should be convinced beyond a reasonable doubt that defendant was guilty of a murder and that it was of a "particularly atrocious and brutal kind," they had any views on the subject of capital punishment which would prevent them from returning a verdict of guilty, held not prejudicial error, where the characterization of the crime was sustained by the evidence subsequently introduced.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3114–3123; Dec. Dig. § 1166½.*]

**4. CRIMINAL LAW (§ 1171*)—HARMLESS ERROR—EXPRESSION OF OPINION BY COUNSEL.**

Remarks of a district attorney in his argument to the jury in a trial for murder, while not approved, held not prejudicial to defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3126, 3127; Dec. Dig. § 1171.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Transferred from the Supreme Court of the Territory of Arizona.

Criminal prosecution by the United States against John B. Goodwin. Judgment of conviction, and defendant appeals. As a case pending in the Supreme Court of the territory of Arizona on the 14th day of February, 1912, under Act June 10, 1910, c. 310, § 33, 36 Stat. pt. 1, pp. 557–577, it was transferred to the Circuit Court of Appeals for the Ninth Circuit upon the admission of Arizona into the Union as a state. Affirmed.

Thomas E. Flannigan, of Globe, Ariz., for appellant.

J. E. Morrison, of Bisbee, Ariz., U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. [1] This case was pending on appeal in the Supreme Court of the territory of Arizona when the territory was admitted into the Union as a state on the 14th of February, 1912. The act of Congress of June 10, 1910 (36 Stat. pt. 1, p. 555), provided for the admission of the territories of New Mexico and Arizona into the Union as states, and upon such admission all cases pending at that time in the territorial courts were to be transferred to the state and federal courts as the jurisdiction of said courts respectively should determine. With respect to cases pending and undisposed of in the Supreme Court of the territory of Arizona, it was provided in section 33 of the act:

"That all cases so pending in said territorial Supreme Court in which the United States is a party * * * shall, with the records appertaining thereto, be transferred to the Circuit Court of Appeals for the Ninth Circuit, and be there heard and decided. * * * Transfers of all files and records from the said territorial Supreme Court * * * to the said Circuit Court of Appeals shall be accomplished in such manner and under such proofs and authentications as * * * court shall * * * by rule prescribe."

The present case has been transferred to this court in accordance with the statute and the proceedings therein prescribed.

The appellant in this case, together with one William Stewart, is charged by indictment with the crime of murder committed on the White Mountain Indian reservation, in the territory of Arizona. The appellant is not an Indian, nor was the victim, one Alfred Hillpot. The indictment was found, and the case tried, and the defendant found guilty of murder in the first degree in the district court of the Fifth judicial district of the territory, sitting as a court of the United States, having and exercising the same jurisdiction in all cases arising under the Constitution and laws of the United States as is vested in the Circuit and District Courts of the United States as provided in section 10 of the act of September 9, 1850, organizing the territory of New Mexico (9 Stat. 446–450, c. 49), extended to and continued in force in the territory of Arizona by section 2 of the act of February 24, 1863 (12 Stat. 665, c. 56).

The case has been a United States case from its inception, the territorial district court taking jurisdiction of it as such under the provisions of section 2145 of the Revised Statutes of the United States.

This jurisdiction of the territorial court was sustained in the case of In re Wilson, 140 U. S. 575, 577, 11 Sup. Ct. 870, 35 L. Ed. 513, where the facts were substantially the same as in this case. With respect to the jurisdiction of this court to review the appeal in this case, we think there can be no question. It is a United States case, prosecuted under the laws of the United States, and the United States is a party. It was pending and undisposed of in the territorial Supreme Court when Arizona was admitted into the Union. It was clearly the purpose of Congress to preserve the right of appeal in all such cases, and this it has done by providing for the transfer of this case to a United States court. The case might have been transferred to the Supreme Court of the United States, that court having exclusive jurisdiction under Act March 3, 1891, c. 517, 26 Stat. 826 (U. S. Comp. St. 1901, p. 547), to review cases of convictions for capital crimes; but it was also competent for Congress to transfer such cases to the Circuit Court of Appeals, and, the transfer in this case having been made in accordance with the provisions of the statute, this court has jurisdiction to hear and decide the case.

[2] There is no valid objection to a review of the case in this court because the record is styled an appeal. The case reached the Supreme Court of the territory in the form of an appeal, as provided by the territorial Code of Criminal Procedure of 1901 (section 1038 et seq., Revised Statutes of Arizona 1901, p. 1360), and the case has been transferred to this court in that form. The designation of the appeal is immaterial. The only question for this court is: Does the record show any substantial error in the proceedings in the trial court?

[3] It is assigned as error that the trial court erred in permitting the United States attorney to ask jurors over the objection of the defendant the following questions:

"If you were sworn as a juror in a murder case, and it appeared to you beyond a reasonable doubt, that you were convinced beyond a reasonable doubt, that the defendant was guilty of a murder, and it was a particularly atrocious and brutal kind, have you any views on the subject of capital punishment, or of the death penalty, that would preclude you from bringing in a verdict of this kind?"

It appears from the record that this question was not asked for the purpose of laying a foundation for challenge for cause, but for the purpose of enabling the United States attorney to ascertain the condition of mind of the jurors, so that he might intelligently exercise his right of peremptory challenge, and the question was so limited in the progress of the examination. It does not appear that the question misstated the evidence afterwards introduced, showing the character of the crime committed. If the jurors believed from the evidence beyond a reasonable doubt that the defendant had committed the crime charged against him, there could be no doubt as to its character. It would serve no useful purpose to recite the evidence upon this feature of the case. It is sufficient to say that the crime was of a most atrocious and brutal character, without the shadow of justification or excuse, and fully sustained the question as put to the jurors; and, while we do not approve of the form of the question, we

cannot say that, under all the circumstances, it had the effect of prejudicing the rights of the accused.

[4] It is next assigned as error that the United States attorney in his closing argument to the jury made use of the following language:

"Do not let it be said, gentlemen, that you as jurors did not have the nerve to attach the death penalty, because. gentlemen of the jury, this case, if ever there was a case, is one in which it is merited."

Admonitions of this character to a jury by the prosecuting officer of the government cannot be approved. They should not be resorted to by an officer in the performance of his duty as a prosecutor. On the other hand, we cannot say that such deviation from the path of strict propriety was such an error in this case as would justify its reversal and a new trial. After carefully reading the evidence, we are of the opinion that it had no influence upon the verdict of the jury.

Finding no reversible error in the record, the judgment of the trial court is affirmed.